UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

MARCUS TERRELL SMITH, pro se,

    PLAINTIFF,

    VS.      07-1318

ROGER E. WALKER, JR.,
WARDEN EDDIE JONES,
LIEUTENANT BREWER, and
PSYCHOLOGIST ALTON ANGUS,

    DEFENDANTS.

FILED
DEC 2 8 2007
JOHN M. WATERS Clark
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILUNars

## MERIT REVIEW ORDER

    This case was before the court on December 17, 2007, by telephone conference for a merit review of the plaintiffs complaint. *See* 28 U.S.C. § 1915A. The plaintiff appeared pro se. This is a claim pursuant to 42 U.S.C. §1983 alleging federal constitutional infringements by the defendants acting under color of state law. The plaintiff is an inmate of the Illinois Department of Corrections (IDOC) and the defendants are all employees of the IDOC. The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

    In his complaint, and in his colloquy with the court during the merit review, the plaintiff alleges that he is "an openly Gay Man." He writes that while he was assigned to the Menard Correctional Center in 2006 he had two other cell mates and has never been in fear for his own safety and had no reason not to accept double celling. Upon his transfer to the Pontiac Correctional Center, Smith says that the defendant Lieutenant Brewer discovered his sexual orientation and placed him in a single cell in protective custody. Smith also claims that the defendant Angus, who is a psychologist, is in complicity with the defendant Brewer in keeping him in a cell without any cell mate. Smith makes the same charges against the Warden Jones and the Director Walker.

    Smith alleges that the conduct of the defendants in assigning him to a single occupancy cell and preventing him from having a cell mate is "sexual discrimination." He charges that the cell assignments he receives and "being placed in the care of a Psychologist" are "against my own free will or without due process of law." In sum, he claims a Fourteenth Amendment denial of equal protection of the law and of due process to be housed with other inmates within the IDOC.

The complaint does not state an equal protection or due process claim. The Constitution does not protect against all arbitrary actions of prison officials, but only those that cause the plaintiff to suffer a deprivation of a constitutionally protected liberty, life or property interest. *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995) (per curiam). Smith has no liberty or property interest to be assigned to any particular institution or to be housed with other inmates. *Meachum v. Fano,* 427 U.S. 215 *passim* (1976); *Shango v. Jurich,* 681 F.2d 1091 *passim* (7th Cir. 1982). In his statements to the court at merit review, Smith said, "he was being discriminated against because of his sexual preferences." The relief he wants from the court is to be ordered back into the general population with other inmates. However, segregating homosexual inmates from the general prison population has been upheld as being based upon legitimate penological interests and not a denial of equal protection. *Veney v. Wyche,* 293 F.3d 726 (4th Cir. 2002).

> [I]n the prison environment, where inmates live in close quarters and their movements are restricted, prison officials reasonably may conclude that more proactive measures are required to protect homosexuals from bias-motivated attacks. Not allowing heterosexuals to share cells with homosexuals is a rational means of preventing violence between the groups. Moreover, not allowing homosexuals to share cells with other homosexuals is a rational means of preventing sexual activity and the spread of sexually transmitted diseases. The authorities at Riverside are, therefore, not constitutionally prohibited from limiting homosexuals to single-occupancy cells.

293 F. 3d at 734.

The court finds this precedent persuasive and adopts its reasoning. Just as the district judge in *Veney* dismissed the complaint for failure to state a claim for relief, so does this court.

IT IS THEREFORE ORDERED THAT:

1) The plaintiff's motion to proceed *in forma pauperis* is granted [die 3]. The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist, an initial partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00;

2) The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot, and this case is closed, with the parties to bear their own costs;

3)    This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;

4)    The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change;

5)    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 28th Day of December, 2007.

s\Harold A. Baker
_____
Harold A. Baker
United States District Judge